**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1507
_____

IN RE:  JUAN B. RODRIGUEZ,
                                                                                  Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 3-17-cv-00107)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 5, 2018
Before:  JORDAN, SHWARTZ, and KRAUSE, Circuit Judges

(Opinion filed: April 11, 2018)
_____

OPINION[*]
_____

PER CURIAM

On June 22, 2017, petitioner Juan Rodriguez, a federal prisoner proceeding pro se,

petitioned the United States District Court for the Western District of Pennsylvania for a

writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking prior custody credit for the

time he served in official detention after service of a parole violation.  Rodriguez paid the

filing fee on July 10, 2017, and, in an order entered on August 8, 2017, the District Court

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

directed respondent to show cause within 60 days of service as to why Rodriguez's habeas petition should not be granted. Respondent complied by filing a timely response. Rodriguez's reply followed on October 25, 2017, and his addendum in support of the reply was submitted on October 30, 2017. Rodriguez's § 2241 petition is ripe for disposition. On March 16, 2018, Rodriguez sought leave to proceed in forma pauperis in this Court with a petition for a writ of mandamus requesting an order compelling the District Court to act upon his habeas petition.

Mandamus is a drastic remedy available only in extraordinary cases, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Although a District Court has discretion over the management of its docket, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817-18 (3d Cir. 1982), a federal appellate court "may issue a writ of mandamus on the ground that [the District Court's] undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

We recognize that a little more than five months have elapsed since the time Rodriguez's habeas petition became ripe for disposition. We further note that Rodriguez's projected release date – via good time credit – is currently set for February 13, 2020, and his home detention eligibility date is August 13, 2019. Rodriguez asserts that the District Court's failure to adjudicate his petition will soon begin to affect how

2

much time he will spend in Community Corrections Confinement (i.e., a halfway house), which he needs to assist with his successful reintegration into society. As in <u>Madden</u>, where we described a delay of nearly five months in acting on a petition for a writ of habeas corpus as "of concern," 102 F.3d at 79, the delay here does not warrant mandamus relief and we are confident that the District Court will rule on Rodriguez's pending § 2241 petition without undue delay. The petition for a writ of mandamus is therefore denied, but without prejudice to Rodriguez's filing a new petition for a writ of mandamus should the District Court fail to act expeditiously in this matter.